## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Betzaida Cartagena <br>     Debtor | CHAPTER 13 |
| MIDFIRST BANK <br>     Movant <br> vs. | NO. 17-18128 ELF |
| Betzaida Cartagena <br>     Debtor | |
| William C. Miller Esq. <br>     Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,704.90,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2018 to February 2019 at $512.81/month |
| Suspense Balance: | $377.34 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$2,704.90** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on March 1, 2019 and continuing through August 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$512.81** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$450.82 from March 2019 to July 2019 and $450.80 for August 2019** towards the arrearages on or before the last day of each month at the address below;

> MIDLAND MORTGAGE
> 999 N.W. Grand Boulevard, Suite 100
> Oklahoma City, OK 73118-6116

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

02/11/2019  10:45    2153388663                    OFFICEMAX 359                              PAGE 01/01

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 6, 2019            By: /s/ Kevin G. McDonald, Esquire
                                  Attorney for Movant

Date: 2-11-19                     _____
                                  Michael A. Cataldo, Esquire
                                  Attorney for Debtor

Date: 2/25/19                     _____   NO OBJECTION
                                  William C. Miller, Esquire        without prejudice to any
                                  Chapter 13 Trustee                trustee rights or remedies.

2/19/2019                         _____
                                  Debtor

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 6, 2019        By: */s/ Kevin G. McDonald, Esquire*
                              Attorney for Movant

Date:_____          _____
                              Michael A. Cataldo, Esquire
                              Attorney for Debtor

Date:_____          _____
                              William C. Miller, Esquire
                              Chapter 13 Trustee

# O R D E R

Approved by the Court this 20th day of March, 2019. However, the court retains discretion regarding entry of any further order.

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**